## OSCAR NEIGHBORS *et al.* v. STATE.

No. A-2520.    Opinion Filed May 26, 1917.

(164 Pac. 1155.)

**APPEAL AND ERROR—Conclusiveness of Verdict.** When the facts disclosed by the proof in a criminal case clearly warrant a verdict of conviction, a reversal will not be granted by this court on the ground that the verdict and judgment are contrary to the evidence.

*Appeal from District Court, Comanche County;*
*Cham Jones, Judge.*

Oscar Neighbors and James Hourigan were convicted of larceny, and they bring error. Affirmed.

*J. F. Thomas,* for plaintiffs in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    The plaintiffs in error, Oscar Neighbors and James Hourigan, were convicted in the district court of Comanche county on a charge of larceny of domestic animals, and their punishment fixed at two years in the state penitentiary.

The proof offered on behalf of the state tends to show that W. T. Dunn lived in Comanche county, near Indiahoma; that on the night of July 28, 1914, three cows were stolen from him. One was a brown milk cow about three years old, and was expected to become fresh in about ten days. The day before the cattle were stolen the plaintiffs in error were at Dunn's place trying to buy

fat cattle, and were shown the cattle. The stolen cattle were in the bunch at the time, but were not specifically pointed out. After the cattle were stolen, Dunn made a search and got information that the thieves had driven the cattle north. In his search he found the hide of the brown cow at the home of Lem Wise several miles away. The cow was marked, but was not branded. The plaintiffs in error were seen in the vicinity of Indiahoma late in the evening of the night upon which the thefts were committed. Early on the morning of July 29th two persons riding horses answering the description of those of the plaintiffs in error were seen driving three cattle north from the direction of the home of the witness Dunn. The brown cow in question gave out on the road, and was sold by these plaintiffs in error to Lem Wise. She died the next day after he purchased her, and was skinned by him and an Indian, and the hide turned over to Mr. Dunn. The Indian, Lomeck, testified that he helped skin the cow; that she had been freshly marked; that the cow was with calf fully developed. It appears that the cow died immediately after having been rapidly driven some 25 miles, probably further, in the middle of July, and that she died from exhaustion.

The plaintiffs in error relied on an alibi as a defense, and offered a number of witnesses to establish the fact that they were not in the vicinity of the Dunn home on the night the theft was committed. They offered other testimony tending to establish that the cow they sold to Lem Wise was one they had owned for some time. A number of witnesses testified that a cow somewhat similar to the one sold Wise was owned by the plaintiffs in error, but there is no witness who testified positively that this was the identical cow. Testimony as to the alibi was

given by neighbors of the plaintiffs in error. This proof tended to establish the fact that it was 40 miles from the home of the plaintiffs in error ·to the home of Dunn, and that these plaintiffs in error were each at their respective homes on the night of the theft, as alleged and proved by the state.

The issues of fact were clearly for the jury. There is sharp conflict in the evidence as to the whereabouts of the plaintiffs in error on the night of· the theft and the early morning following. The jury is impaneled for· the purpose of determining the issues of fact, and it is exclusively their prerogative, as well as duty, so to do. They found against the plaintiffs in error, and the finding is duly supported by ample facts. The verdict cannot be· disturbed.

Upon the proposition of ownership of the cow the proof offered by the state to the effect that this was the cow of witness Dunn is clear-cut and convincing. There is not a doubt after reading this record but that the cow sold to Wise by these plaintiffs in error was the cow which belonged to the witness Dunn. Nor is there a doubt about the guilt of the plaintiffs in error of the crime charged.

That the verdict is contrary to the evidence is the principal proposition urged by counsel for the plaintiffs in error. A five-line paragraph at the close of the brief refers to argument of the county attorney in his closing remarks to the jury, which it is contended were prejudicial. The page in the record where these remarks could be found is not set forth. The index to the case-made does not disclose the page upon which the remarks complained of could be readily discovered. We will

therefore not undertake to discuss the assignment further than to say that the remarks, although constituting im-, proper conduct, do not necessarily constitute reversible error in the case at bar. It should be at least probable upon the examination of the record that prejudice resulted by reason of the unwarranted remarks complained of. The record discloses no prejudice. No prejudicial error having been pointed out by counsel and none having been discovered by the court upon a review of the record, the judgment will be affirmed.

Affirmed.

DOYLE, P. J., and MATSON, J., concur.